10 | 508
44 | 895

### J. GARRETT v. F. OLIVER, et al.

An appeal will lie from an interlocutory order which works an irreparable injury.

The defendant in a possessory action cannot call his vendor in warranty.

APPEAL from the District Court of the parish of Catahoula, *Barry*, J. *Taliaferro*, for plaintiff and appellant. *Mayo*, for defendants. *Crawford*, for warrantor.

VOORHIES, J. This is a possessory action. The plaintiff alleges that he was in the actual and peaceable possession as owner of a certain tract of land described in his petition, from the early part of the year 1850, until the last of May, 1853, when the defendants, by fraud and collusion, usurped possession, and have since continued to retain the same illegally from him. He therefore prays that they may be condemned to restore to him his said possession, and also to pay him the sum of $1000 as damages for their tortious and illegal acts.

The defendant *Oliver*, after pleading a general denial, avers that he purchased the land in controversy from *D. P. Calhoun*, on the 5th of August, 1852, and has been ever since in the actual possession thereof. He therefore prays that his vendor may be called in warranty. The other defendant avers that he has been in the peaceable and uninterrupted possession of this land for more than twelve months preceding the institution of this suit, and pleads the prescription of one year in bar of the action.

The plaintiff filed a motion to strike out of the defendant *Oliver's* answer his call in warranty. The motion was overruled and the cause continued to cite the warrantor. From this order the plaintiff appealed, but afterwards abandoned his appeal. At the next term of the court, *Calhoun* filed his answer avering that he had had possession long anterior to the plaintiff, and prayed that his vendor might also be called in warranty. The plaintiff again resorted to a motion to strike out from *Calhoun's* answer his call in warranty. This motion was overruled and the cause ordered to be continued for the purpose of citing *Sarah A. Garrett* in warranty. The plaintiff then filed a bill of exceptions, on the ground that the order would produce a vexatious delay, and took the present appeal from said judgment or order.

A motion has been filed by one of the appellees for the dismissal of the appeal, on several grounds which may be considered as substantially embraced in one in which it is urged, "that the judgment is not a judgment that operates an irreparable injury or any judgment that can be appealed from, it being merely a judgment or order of the court overruling a motion to strike out that part of the defendant *Calhoun's* answer which prayed leave to cite Mrs. *Garrett* in warranty." The right to appeal from an interlocutory judgment in cases where it may work an irreparable injury to a party, has been repeatedly recognized by our predecessors. 8 R. 108 ; 11 ibid, 451. What may be viewed as an irreparable injury must necessarily depend upon the effect such order or judgment is calculated to produce on the rights of the party by the introduction of matter foreign to the proper issue. We take it as a well settled rule, in possessory actions, the inquiry must be confined to the single question, whether the plaintiff was the actual possessor and has been disturbed by the defendant or not. The examination of titles being expressly excluded in this

action, except for certain purposes, it follows therefore that a call in warranty, under the circumstances disclosed in this case, must be considered as improper and productive of delay in the administration of justice. Allowing the party in this case the right to call his vendor in warranty, and consequently extending it to every subsequent vendor called in warranty, would, in our opinion, have the effect of procrastinating the plaintiff's suit to an indefinite period, and of creating vexatious costs and delays, by the introduction of matter foreign to the issue. Hence the order may be considered as productive of an irreparable injury to the appellant. It appears to us the present case can hardly be distinguished in principle from that of *Duplessis* v. *Lastrapes*, 11 R., 451. See also *Thomas* v. *Baillo*, 7 L. R., pp. 414 and 416. We are therefore of opinion the plaintiff's motion should have prevailed.

It is therefore ordered and decreed, that the order authorizing *D. P. Calhoun* to call *Sarah A. Garrett* in warranty, be rescinded and set aside, and that the case be remanded for further proceedings according to law, the appellees to pay the costs of this appeal.

MERRICK, C. J. Without expressing an opinion upon the question whether in the case where a defendant had acquired his possession by virtue of a title within the year, he might not call his vendor in warranty to maintain him in possession, I concur in the decision of my colleagues on the ground that the defendant shows by his answer that he acquired his possession from his vendor more than one year previous to the institution of the suit. If the defendant has the possession which he alleges, it is a bar to the plaintiff's action. If he has voluntarily surrendered that possession or lost it by his negligence, it is his own fault, and no attempt to regain it by taking illegal or forcible possession would entitle him to call upon his vendor in this action.

LEA, J. I concur in the decree rendered in this case, but prefer to rest my opinion upon the ground above stated by Chief Justice MERRICK.